## Case No. 5,903.

HAIGHT v. PITTSBURGH, FT. W. & C. R. CO.

[1 Abb. U. S. 81; 1 24 Leg. Int. 381; 6 Int. Rev. Rec. 161; 15 Pittsb. Leg. J. 16; 3 Pittsb. Rep. 105; 1 Am. Law T. Rep. U. S. Cts. 44.]

District Court, W. D. Pennsylvania. 1867.2

INCOME TAX—CORPORATE BONDS.

A stipulation in a mortgage by a corporation, requiring payment "without any deduction, &c., for or in respect of any taxes, charges, or assessments whatsoever," does not prevent the corporation from paying the income tax chargeable against the holder of the mortgage in respect to the interest accruing to him from time to time upon the mortgage, and deducting the amount paid from such interest.

[See note at end of case.]

Trial by the court. This action was brought to recover arrears of interest upon bonds given by the defendants to the plaintiff, secured by a mortgage upon land. The defendants claimed to deduct from the interest due by the tenor of the bond, the amount of the income tax imposed by the internal revenue law upon the plaintiff, in respect of such interest, and which had been paid in behalf of plaintiff by defendants.

E. Knox, for plaintiff.
E. Lawrie, for defendants.

McCANDLESS, District Judge. On April 10, 1857, Samuel Haight and wife conveyed to the Pittsburgh, Fort Wayne, & Chicago Railroad Company a lot of ground in the city of Pittsburgh, for the sum of one hundred and five thousand dollars. Five thousand dollars were paid in hand; and for the residue of the purchase money Mr. Haight received one hundred bonds of one thousand dollars each, with coupons attached, bearing seven per cent. interest, payable semi-annually. These bonds are secured by a mortgage on the premises, containing, in the clause of defeasance, the usual stipulation, "without any fraud or further delay, and without any deduction, defalcation, or abatement to be made of anything for or in respect of any taxes, charges, or assessments whatsoever."

By the internal revenue law the interest on these bonds is subject to a tax of five per cent. The bonds have nearly twenty years yet to run, and the mortgage upon the above-recited clause of which it is claimed the defendants have incurred the liability to pay this tax, could not be sued for foreclosure until a year and a day after the maturity of the bonds. As the mortgage is a mere security for the payment of the bonds, their satisfaction would be its discharge.

We must, then recur to the coupons, upon which, properly, this suit is instituted. What are they but income, the annual profit on money safely invested? There is no special contract to pay government taxes upon the interest. The measure of the defendants' liability is expressed in the bonds as being debt and interest only. They have nothing to do with the taxes which the government may impose upon the plaintiff for the interest payable to him.

The clause in the mortgage cannot enlarge the duty which the mortgage was given to secure,—that is, the payment of the debt and interest. It is to be found in all mortgages, and if the doctrine contended for by the plaintiff be sound, the standard by which the imposition of taxes should be regulated would be in proportion to a man's poverty and not his wealth; for the mortgagor would be bound to pay not only his own taxes, but those of the mortgagee.

It was admitted, at the argument, that the plaintiff, a citizen of New York, paid no internal revenue tax on these bonds at the place of his residence. The facts, therefore, do not present a case of double taxation. The tax should be paid somewhere, and it was to meet investments like this in banks, railroads, insurance and other companies that section 122 of the act of 1864 [13 Stat. 284] was passed. Congress enjoined it as a duty upon all such corporations to deduct and withhold from all payments on account of any interest or coupons due and payable, the tax of five per cent.; and provided that the payment of the same shall discharge the companies from that amount of interest or coupon, unless where the companies have contracted otherwise; and it was properly so provided, for citizens of the United States, resident both at home and abroad, sometimes forget the institutions in which their capital has been invested. The opinion of the court is with the defendants; and instead of two thousand and ten dollars, judgment is ordered for the plaintiff for five hundred and forty dollars, admitted to be due, with interest from July 1, 1867. Judgment accordingly.

[NOTE. On writ of error, this judgment was affirmed by the supreme court in an opinion by Mr. Justice Grier, who said that the provision in the condition of defeasance of the mortgage had reference only to covenants between mortgagor and mortgagee, and is usual in every mortgage. It was put there in order to protect the mortgagee, who may not be in possession, from demand for taxes levied while the mortgagor was in possession. It has no possible application to the income tax of bondholders. 6 Wall. (73 U. S.) 15.]

---

1 [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]
2 [Affirmed in 6 Wall. (73 U. S.) 15.]